## M. R. EVERITT *v.* JAMES BLACKBURN AND WIFE.

**Limitation of Action—Absence of Plaintiff in Army.**

The absence of plaintiff in the Confederate army was held not to prevent the running of a statute of limitations.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 9, 1873.

OPINION BY JUDGE LINDSAY:

The plea of the statute of limitations should have been sustained. The promise relied on to take the demand out of the statute was made, if at all, in 1863. The only pleading in this cause upon which the relief granted could have been based, was a paper filed June 21, 1870, styled by appellees "Answer to Cross-Petition." This was long after the original action against the Odd Fellows Lodge had been finally disposed of. Still, as appellant did not object to the time and manner in which it got into the case and as he treated it as a petition by filing what he calls an "amended answer, and answer to cross-petition," pleading both payment and limitation, we suppose the court properly undertook to adjudicate the matters presented, notwithstanding the fact that before it could be done, an action in ejectment had to be transformed into an action in assumpsit. From the promise in 1863 to the filing of appellees' "answer to cross-petition" in June, 1870, more than five years had

elapsed. Hence the statutory bar was complete. The absence of Blackburn in the Confederate lines did not prevent the running of the statute, but even if it had, he returned in May, 1865, and more than five years elapsed between his return and the 21st of June, 1870.

The amendment to the original petition making appellant a party and making the same allegations against him as had been made against the Odd Fellows, is of no avail. The relief sought in that action was the recovery of real estate and mesne profits and the existence of such a proceeding could not, according to any rule of practice known to this court, interfere with the meaning of the statute against a claim for money had and received.

The judgment is reversed and the cause remanded with instructions to render judgment in favor of appellant for his costs incurred since the 21st of June, 1870.

*Apperson & Reid, for appellant.*

*Tenney, for appellees.*